## THE FOLMINA.

(Circuit Court of Appeals, Second Circuit. July 21, 1909.)

No. 281.

COURTS (§ 384*)—FEDERAL COURTS—CIRCUIT COURTS OF APPEALS—DETERMINA-TION OF CAUSE.

Where facts have been found by the Circuit Court of Appeals and stated to the Supreme Court as a basis for asking its instructions, the court will not, after such instructions have been obtained, re-examine upon the identical evidence already considered controverted questions of fact which have been advisedly determined.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1021; Dec. Dig. § 384.*]

Appeal from the District Court of the United States for the Eastern District of New York.

In Admiralty. Action by Gustav A. Jahn and William J. Griffith against the steamship Folmina for damage to cargo. Decree (143 Fed. 636) for claimant, and libelants appeal. Reversed.

This is an appeal from a decree of the District Court, Eastern District of New York, dismissing a libel filed to recover damages for injury sustained by a shipment of rice carried on the steamship Folmina from Kobe, Japan, to New York, in 1901. In May, 1907, this court certified to the Supreme Court two questions or propositions of law, concerning which it desired the instruction of that court for its proper decision of the case, and made the following statement of the facts on which such questions of law arose:

"The steamship Folmina sailed from Kobe, Japan, for New York, with a large shipment of rice on board, in No. 3 hold, under a bill of lading which exempted the carrier from 'the act of God, * * * loss or damage from * * * explosion, heat, or fire on board, * * * risk of craft or hulk or transshipment, and all and every the dangers and accidents of the seas, rivers, and canals and of navigation of whatever nature or kind.' It further provided that the ship 'is not liable for * * * sweat, rust, decay, vermin, rain spray.' The rice was in good order when put on board, but when discharged in New York a large part of it stowed on the starboard side of the hold was found damaged. The area of injury was downward from the first six tiers of bags to the bottom of the hold, which was dry, forward from about the after end of the hatchway nearly to the bulkhead, and inboard about three or four bags. The damage was caused by water and consequent heat.

"A majority of the court are satisfied that the damage was caused by sea water and that it was not shown that the vessel encountered sufficient stress of weather to warrant the inference that it came in because of the action of external causes. There was no evidence tending to show any negligence, fault, or error on the part of the ship's officers or crew. The cargo was well stowed and ventilated. The Folmina was a steel steamship of the highest class in Lloyd's Register. Before starting for Japan she was in dry dock at New York,

and was there surveyed by Lloyd's surveyor. Some time before she had been in dry dock at Cardiff, where some repairs were made to the rudder, rudder quadrant and a ventilator. The master testified to the general good condition of the steamer at the time she sailed from Kobe. During and after delivery of the cargo, the main deck, the between deck, the pipes leading to or connected with No. 3 hold, and the shell plating in the wing of No. 3 hold were carefully examined by the officers of the ship, by surveyors representing the libelants and their underwriters, and it was afterwards examined by competent and experienced surveyors representing both parties. The decks, side plating, and rivets of the ship were found to be sound, intact, and free from leaks. No evidence (other than the mere circumstance that the damage was by sea water if that be considered evidence), was found that there had been leaks in any part of the frame, structure, side plating, riveting, pipes, or appurtenances of the ship, through which water might have reached that part of No. 3 hold where the damage was done. No adequate means of access of sea water were found, nor any defect in the steamer which then appeared to be seaworthy."

The questions of law arising upon the facts so stated were as follows:

"(1) Whether damage to the cargo of an apparently seaworthy ship through the unexplained admission of sea water, in the absence of any proof or fault on the part of the officers or crew of the ship, is of itself a sea peril within the meaning of the bill of lading exception above quoted?

"(2) Whether the ship is relieved from liability in consequence of said exception?"

In February, 1909, the Supreme Court answered in the negative the first question so certified, but did not answer the second question. In March, 1909, the claimant presented to this court a petition for a rehearing, which was granted, and a reargument had.

Wallace, Butler & Brown, for appellants.

Convers & Kirlin (J. Parker Kirlin and John M. Woolsey, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The Supreme Court has ruled that the unexplained admission of sea water into an apparently seaworthy ship is not of itself a sea peril within the meaning of the exceptions in the bill of lading. Upon the facts stated to the Supreme Court, therefore, it necessarily follows that the Folmina is liable. The cargo of rice was injured while in her custody as a carrier through the action of sea water. It was not shown that the sea water came in through the action of external causes. The only exemption in the bill of lading claimed to cover damages so caused, was that relating to perils of the sea. If, then, this court is to base its decision upon the statement of facts which it has already made, the only course is to reverse the decree appealed from. The appellee, however, contends that upon this rehearing this court should re-examine the question whether sea water in fact caused the damage. It urges with much force that the damage was caused by sweat and not by sea water. And if the question were an open one, it may well be doubted whether a majority of the court, as at present constituted, would find that sea water did cause the damage.

But we cannot regard the question as now an open one. This court has found as a fact that sea water caused the damage, and upon that

finding has applied for and obtained the instructions of the Supreme Court. We do not now determine whether in a case where it clearly appears that a statement of fact accompanying a question certified to the Supreme Court was made through mistake or inadvertence, or in a case where new evidence has been received subsequently to the making of such statement, this court would have power to change the facts so found after the Supreme Court has answered the question, and render its decision upon the basis of the altered facts. That which we do now hold is that, where facts have been found and stated to the Supreme Court as the basis for asking its instructions, this court will not, after such instructions have been obtained, re-examine upon the identical evidence already considered controverted questions of fact which have been advisedly determined. And, applying this rule to the present case, this court must decline to accede to the contention of the appellee that it reconsider the question, upon the same record as before, whether sea water caused the damage.

The decree of the District Court is reversed, with costs, and the cause remanded, with instructions to enter a decree for the libelants for their damages, interest, and costs.