## A. B. DICK CO. v. HENRY et al.

(Circuit Court of Appeals, Second Circuit. May 9, 1912. On Rehearing, May 20, 1912.)

### No. 155.

COURTS (§ 384*)—CIRCUIT COURT OF APPEALS—DETERMINATION OF CAUSE.

Where facts have been stated by the Circuit Court of Appeals to the Supreme Court as a basis for a question of law certified for decision, it is to be implied that the court has found such facts, and, after the instruction of the Supreme Court has been received, they will not be re-examined on the same record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1021; Dec. Dig. § 384.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the A. B. Dick Company against Sidney Henry and Margaret Henry. On motion by defendant, appellant, for rehearing. Denied.

See, also, 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645.

Hans v. Briesen, for Margaret Henry.

Before COXE, WARD and NOYES, Circuit Judges.

PER CURIAM. The mandate from the Supreme Court has not yet been received by the clerk of this court. Until it is filed in this court, we cannot make any order affecting the merits of the case.

A motion for an additional hearing has been submitted informally but without stating with sufficient definiteness what the new points are upon which a hearing is desired.

If the surviving defendant desires to do so, in advance of receiving the mandate, she may submit a printed brief stating definitely what the new points are upon which she desires to be heard further and a short statement of the argument thereon; the brief to be filed with the clerk of this court on or before May 15, 1912.

### On Rehearing.

COXE, Circuit Judge. We have carefully considered the brief presented May 15th in support of the motion for a rehearing and have re-examined the record and the briefs filed at the original hearing. If the court had any doubt as to the other questions involved in the suit, it would not have certified the question of infringement to the Supreme Court. This would be implied in any case, but the certificate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sent to the Supreme Court expressly states that after hearing the arguments, "this court agreed as to all the questions except one only, upon which it desires the instruction of the Supreme Court for the proper decision."

The question being answered to the effect that the selling of the ink to Miss Skon constituted an infringement, there is nothing for this court to do but to affirm the decree in favor of the complainant. The death of the defendant, Sidney Henry, does not in any way affect the question now before the court. There is no doubt as to the liability of the defendant, Margaret Henry. The bill alleges that the "defendants, Sidney Henry and Margaret Henry, individually and as co-partners, trading as the Lineograph Company," sold ink in violation of the complainant's rights. The allegation that they were in partnership is not denied in the answer. Indeed, the defendant, Sidney Henry, testified as follows:

"X-Q. Who is associated with you in the business which you are doing now, and have been doing for some years past? A. My wife.
"X-Q. Any one else have any interest in that business? A. No one.
"X-Q. Are you and your wife in partnership? A. I am her manager.
"X-Q. You mean that she is the proprietor of the business and that you work for her? A. She owns it."

There was no doubt in the mind of the court at the time of the certification, and there is no doubt to-day, that the defendants were acting together as partners, and that the selling of ink was in the line of their business. The defendants have had the advantage, not usually accorded to litigants in patent causes, of a hearing upon the principal question involved, not only in the Circuit Court and in this court, but also in the Supreme Court of the United States.

In the case of The Folmina, 173 Fed. 615, 97 C. C. A. 557, this court said:

"That which we do now hold is that where facts have been found and stated to the Supreme Court as the basis for asking its instructions, this court will not, after those instructions have been obtained, re-examine upon the identical evidence already considered, controverted questions of fact which have been advisedly determined and, applying this rule to the present case, this court must decline to accede to the contention of the appellee that it reconsider the question."

We see no reason for subjecting the parties to the expense of a rehearing when, in our opinion, every question involved has been fully presented and decided in favor of the complainant.

The motion for a rehearing is denied.